THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANTHONY TAYLOR,

        Plaintiff,  : CIVIL ACTION NO. 2-13-CV-06013-GP

    v.

ACTION MANUFACTURING COMPANY,
INC., and ARTHUR MATTIA,

        Defendants.

---

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ACTION MANUFACTURING COMPANY, INC., AND ARTHUR MATTIA

Defendants Action Manufacturing Company, Inc., ("Action"), and Arthur Mattia ("Mr. Mattia") (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby answer the Complaint filed by Plaintiff Anthony Taylor ("Taylor" or "Plaintiff"), denying every averment except those expressly admitted below.

### PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them and leave Plaintiff to his proofs with respect to such allegations. By way of further answer, upon information and belief, Plaintiff is a resident of the Commonwealth of Pennsylvania and his last known address is 89 Glendale Road, Exton, Pennsylvania 19341.

2. Admitted in part, denied in part. It is admitted only that Action has operations at the stated address. The balance of the allegations in this paragraph is denied. Action is a Delaware corporation.

3. Admitted in part; denied in part. Defendants admit only that Mr. Mattia is an adult individual, is the President and Chief Executive Officer of Action, and resides at 2366 Steven Road, Huntington Valley Pennsylvania 19006. The balance of the allegations contained in this paragraph is denied.

## JURISDICTION AND VENUE

4. Defendants admit only that this Court has subject matter jurisdiction over this matter. The remaining allegations contained in this paragraph state legal conclusions to which no response is required.

5. Defendants admit only that venue is proper. The remaining allegations contained in this paragraph state legal conclusions to which no response is required.

## STATEMENT OF THE CASE

6. Denied.

7. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

## FACTS

### Procedural History

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

10. The allegations contained in this paragraph state legal conclusions to which no response is required.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

13. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny these allegations.

**Taylor's History of Employment**

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

17. Admitted.

18. Admitted in part; denied in part. Defendants admit only that Plaintiff's primary responsibility as Environmental Compliance Manager was to ensure Action complied

with applicable hazardous waste management laws (including making sure that hazardous waste materials did not accumulate on-site for more than 270 days). The balance of the allegations contained in this paragraph is denied.

19. Admitted in part; denied in part. Defendants admit only that Action manufactures explosive leads, detonators and timing devices, such as fuzes, for military applications. The balance of the allegations contained in this paragraph is denied.

20. Denied.

21. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

22. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendants admit only that Action leases and/or owns trucks in connection with its operations and that its employees operate such trucks. Defendants deny the balance of the allegations contained in this paragraph.

23. Admitted.

24. Admitted in part; denied in part. Defendants admit only that Plaintiff was employed by Action and was assigned at different times during his employment to its Atglen plant located at Bailey Cross Road, its Northeast Philadelphia plant, and its Bristol Plant.

25. Denied.

26. Admitted in part; denied in part. It is admitted only that Plaintiff held the position of Environmental Compliance Manager from on or about October 9, 2000 until the termination of his employment with Action, effective December 20, 2012. Defendants deny the balance of the allegations contained in this paragraph.

### Action's Hazardous Waste Management Practices

27. Denied.

28. Admitted in part; denied in part. Defendants admit only that in 2006 an Action employee was injured on the job and in 2008 another Action employee was injured on the job. The balance of the allegations contained in this paragraph is denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

### Taylor Speaks with Federal Investigators About Action's Alleged Practices

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

40. Admitted in part; denied in part. Defendants admit only that on or about May 1, 2012, Plaintiff told certain Action employees that he was visited at his home by federal investigators. The balance of the allegations contained in this paragraph is denied.

### Action's Alleged Retaliatory Actions Against Taylor

41. Admitted in part; denied in part. Defendants admit only that in or about May 1, 2012, Defendants conducted a teleconference with Plaintiff and others related in part to Plaintiff's alleged April 30, 2012 meeting with federal investigators. The balance of the allegations contained in this paragraph is denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted in part; denied in part. Defendants admit only that Action placed Plaintiff on paid administrative leave, with benefits, on May 29, 2012, pending completion of its internal investigation and review of Plaintiff's performance of his job duties as

Environmental Compliance Manager. The balance of the allegations contained in this paragraph is denied.

49. Admitted in part; denied in part. Defendants admit only that Action placed Plaintiff on paid administrative leave, with benefits, pending completion of its internal investigation and review of Plaintiff's performance of his job duties as Environmental Compliance Manager, and so informed Plaintiff when it placed him on leave. The balance of the allegations contained in this paragraph is denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied; other employees have been suspended for disciplinary reasons and/or pending investigation.

55. Admitted in part; denied in part. Defendants admit only that a federal investigation of Action continued from May 2012 through December 2012. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, deny them and leave Plaintiff to his porofs with respect to such allegations.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

57. Admitted in part; denied in part. Defendants admit only that Plaintiff's employment with Action was terminated on December 20, 2012. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

58. Admitted in part; denied in part. Defendants admit that Action informed Plaintiff of his termination via voicemail and letter. Action further states that on several occasions it attempted to reach Plaintiff to inform him of the reasons for his termination but Plaintiff never responded to Action's efforts. The balance of the allegations contained in this paragraph is denied.

59. Admitted.

60. Admitted in part; denied in part. Defendants admit only that the Commonwealth of Pennsylvania awarded Plaintiff unemployment compensation benefits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny them and leave Plaintiff to his proofs with respect to such allegations.

61. Denied.

## COUNT I
## WRONGFUL DISCHARGE – RETALIATION IN VIOLATION OF THE SURFACE TRANSPORTATION ASSISTANCE ACT

62. Defendants incorporate by reference their responses to Paragraphs 1 through 61 as though set forth in full herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff on Count I and an award of the costs and disbursements of this action, including reasonable attorneys' fees, and such other relief as the Court may deem just and proper.

## COUNT II
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER PENNSYLVANIA LAW

67.    Defendants incorporate by reference their responses to Paragraphs 1 through 66 as though set forth in full herein.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff on Count II and an award of the costs and disbursements of this action, including reasonable attorneys' fees, and such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff's demand for a jury trial states legal conclusions to which no response is required.

## DEMAND FOR RELIEF

a-e.    Defendants deny that plaintiff is entitled to any of the legal or equitable remedies sought in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendants reserve the right

to amend their Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and estoppel.

### Third Affirmative Defense

Defendants did not violate any duty to, or right of, Plaintiff.

### Fourth Affirmative Defense

At all times, any actions taken by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory business reasons unrelated to his allegedly engaging in any protected activity.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Action.

### Sixth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Mr. Mattia.

### Seventh Affirmative Defense

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by his own acts, omissions or conduct.

### Eighth Affirmative Defense

Plaintiff failed, in whole or in part, to mitigate his damages.

### Ninth Affirmative Defense

Plaintiff has failed to satisfy the procedural prerequisites to this suit.

### Tenth Affirmative Defense

Plaintiff is not entitled to the damages sought in the Complaint.

### Eleventh Affirmative Defense

Plaintiff's claims for punitive damages are barred because the alleged acts, occurrences or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his rights, and are not wanton or willful actions by the Defendants.

### Twelfth Affirmative Defense

Plaintiff has failed to state a claim upon which he would be entitled to an award of attorneys' fees and costs.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff on the Complaint and an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

Dated: December 11, 2013

s/ Denise M. Keyser
Denise M. Keyser (I.D. No. 39812)
Mark F. Kowal (I.D. No. 311055)
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(office) 856.761.3466
(fax) 856.761.1020

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Mark F. Kowal, do hereby certify that on this date the foregoing Answer and Affirmative Defenses of Defendants Action Manufacturing Company, Inc. and Arthur Mattia, has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that I caused a true and correct copy of same to be served upon the following counsel via electronic filing:

Michael D. Homans, Esquire
1600 John F. Kennedy Blvd., 2nd Floor
Philadelphia, PA  19103

Dated:  December 11, 2013            s/ Mark F. Kowal
                                     Mark F. Kowal